**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**JACKSON LEWIS LLP**
**One North Broadway, 15th Floor**
**White Plains, New York 10601**
**Tel: (914) 328-0404**
**Fax: (914) 328-1882**
**Attorney of Record:**
       **Michael A. Frankel, Esq.**
**Attorneys For Defendants**

FILED

NOV 27 2013

USDC WP SDNY

## 13 CV 8494

---

| | |
|---|---|
| SHAW, PERELSON, MAY & LAMBERT, LLP, | |
| Plaintiff, | |
| v. | |
| FIDELITY BROKERAGE SERVICES LLC, FIDELITY INVESTMENTS INSTITUTIONAL SERVICES COMPANY, INC., and FIDELITY INVESTMENTS OPERATIONS COMPANY, INC., | |
| Defendants. | |

**JUDGE ROMAN**

Case No. 13-CV_____ (   )

**NOTICE OF REMOVAL**

TO:   Chaim J. Jaffe, ESQ.
      SCOLARO, FETTER, GRIZANTI, MCGOUGH & KING, P.C.
      507 Plum Street, Suite 300
      Syracuse, New York 13204
      (315) 471-8111
      *Attorneys for Plaintiff*

Defendants Fidelity Investments Institutional Operations Company, Inc., Fidelity

Brokerage Services, LLC, and Fidelity Investments Institutional Services Company, Inc.

(collectively referenced as "Fidelity"), by and through its undersigned attorneys, hereby removes

this action to the United States District Court for the Southern District of New York.[1]

---

[1]      Fidelity reserves its rights to challenge the joinder of Fidelity Brokerage Services, LLC and Fidelity
Investments Institutional Services Company, Inc. as improperly named defendants on the grounds that neither entity
was involved with the servicing of the employee benefit plans at issue in this matter.

Pursuant to 28 U.S.C. § 1446, Defendant hereby invokes the jurisdiction of this Court under 28 U.S.C. §§ 1331, 1332 and 1441, and states the following grounds for removal:

1.      On October 24, 2013, Shaw, Perelson, May & Lambert, LLP ("Plaintiff") commenced a civil action in the Supreme Court of the State of New York, County of Dutchess by filing a Summons and Verified Complaint on October 24, 2013.  The Clerk assigned this action Index No. 2013/6380 (hereinafter referred to as the "State Action").   True and correct copies of the Summons and Verified Complaint are attached hereto as Exhibit "A."

2.      On October 29, 2013, Defendant was served with the Summons and Verified Complaint by service upon the Secretary of State of New York pursuant to section 306 of the New York Business Corporation Law.

3.      The Summons and Verified Complaint constitute all process, pleadings and orders served upon Defendant in the State Action.  Defendant did not serve an Answer or other responsive pleading to Plaintiff's Notice of Verified Petition or Verified Petition in the State Action and made no appearance or argument whatsoever in the State Action.

4.      This Notice is timely pursuant to 28 U.S.C. § 1446(b) because it is filed with this Court within thirty (30) days after Defendant's receipt of the Summons and Verified Complaint upon which the State Action is based, and before any proceedings were had thereupon in the Supreme Court of the State of New York, County of Dutchess.

## FEDERAL QUESTION JURISDICTION

5.      This Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1331 because Plaintiff's allegations arise under federal law.  Plaintiff's Verified Complaint asserts state law claims requiring interpretation of Fidelity's duties and obligations under the Shaw, Perelson, LLP Money Purchase Pension Plan (the "MPPP") and/or the Shaw, Perelson,

May & Lambert, LLP 401(k) Plan.  By its express terms, the MPPP is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*

6.    The Complaint, in reality, purports to state claims under ERISA Section 502(a)(3), which completely preempts the state law claims.  *See*  29 U.S.C. § 1132(a)(3) (providing a right of action to a plan participant, beneficiary, or fiduciary to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or to obtain other appropriate equitable relief).  As a result, such claims are within the original and exclusive jurisdiction of this Court. *See* 29 U.S.C. §1132(e) (Other than claims for benefits under ERISA, "the district courts of the United States shall have exclusive jurisdiction of civil actions under this title brought by a participant....").

## DIVERSITY JURISDICTION

7.    Removal is proper and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 as a civil action between citizens of different states wherein the amount in controversy exceeds $75,000.00.

8.    Plaintiff, Shaw, Perelson, May & Lambert, LLP, is a New York limited liability partnership with offices in Poughkeepsie and Valhalla, New York. (Verified Complaint at ¶ 1).

9.    Defendant, Fidelity Investments Institutional Operations Company, Inc., is a corporation established under the laws of the Commonwealth of Massachusetts with a principal place of business at 245 Summer Street, Boston, Massachusetts.

10.    Defendant, Fidelity Investments Institutional Services Company, Inc. is a corporation established under the laws of the Commonwealth of Massachusetts with a principal place of business at 245 Summer Street, Boston, Massachusetts.

11.     Defendant Fidelity Brokerage Services LLC is a limited liability company established under the laws of the State of Delaware, with a principal place of business at 245 Summer Street, Boston, Massachusetts.

12.     Because Plaintiff is a citizen of the state of New York and Fidelity is a citizen of Delaware and Massachusetts, complete diversity of citizenship exists (now and at the time the suit was filed in the state action) between the parties pursuant to 28 U.S.C. § 1332.

13.     Plaintiff demands over $200,000 for contributions, expenses, and penalties allegedly incurred in connection with the Shaw, Perelson, LLP Money Purchase Pension Plan and/or the Shaw, Perelson, May & Lambert, LLP 401(k) Plan. *See* Verified Complaint at ¶¶ 30-31, 35, 39, 43-44, 52.

## VENUE

14.     28 U.S.C. § 1441 provides the basis for removal jurisdiction of this Court in this action.  That section provides, in pertinent part:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

15.     The Supreme Court of New York for the County of Dutchess, where the State Action is currently pending, is located within the Southern District of New York. Accordingly, removal to this Court is proper under 28 U.S.C. § 1441.

16.     Defendant submits this Notice without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief may be granted.

17.     Defendant will promptly notify the Supreme Court of the State of New York, County of Dutchess, and all adverse parties of this Notice of Removal by filing with the

Court a Notice of Filing of Notice of Removal and serving a copy of same on all parties. A copy

of that notification, without this duplicate exhibit, is annexed hereto as Exhibit "B."

Respectfully submitted,

*Michael Frankel*

Michael A. Frankel

JACKSON LEWIS LLP
One North Broadway, 15th Floor
White Plains, NY 10601
Phone: (914) 328-0404
Fax: (914) 328-1882
FrankelM@jacksonlewis.com
*Attorneys for Defendant*

**Of Counsel**
Charles F. Seemann III
Charles.Seemann@jacksonlewis.com
Jessica L. Marrero
Jessica.Marrero@jacksonlewis.com
JACKSON LEWIS LLP
650 Poydras Street, Suite 1900
New Orleans, LA 70130
Phone: (504) 208-1755
Fax: (504) 208-1759

Dated: White Plains, New York
          November 27, 2013

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SHAW, PERELSON, MAY & LAMBERT, LLP, | |
| Plaintiff, | |
| v. | Case No. 13-CV-_____ (   ) |
| FIDELITY BROKERAGE SERVICES LLC, FIDELITY INVESTMENTS INSTITUTIONAL SERVICES COMPANY, INC., and FIDELITY INVESTMENTS OPERATIONS COMPANY, INC., | |
| Defendants. | |

## CERTIFICATE OF SERVICE

The undersigned, an attorney duly licensed before the courts of New York State, hereby certifies, under penalty of perjury, that a true and correct copy of the foregoing Notice of Removal has been served on Plaintiff's counsel Chaim J. Jaffe, Esq. via Federal Express, overnight mail, on the 27th day of November, 2013, at Mr. Jaffe's address of record set forth below:

Chaim J. Jaffe, Esq.
Scolaro, Fetter, Grizanti, McGough & King, P.C.
507 Plum Street, Suite 300
Syracuse, New York 13204
*Attorneys for Plaintiff*

Michael A. Frankel

# EXHIBIT "A"

SUPREME COURT
STATE OF NEW YORK   COUNTY OF DUTCHESS

SHAW, PERELSON, MAY & LAMBERT, LLP,

               Plaintiff,

vs.

FIDELITY BROKERAGE SERVICES LLC, FIDELITY
INVESTMENTS INSTITUTIONAL SERVICES
COMPANY, INC., and FIDELITY INVESTMENTS
OPERATIONS COMPANY, INC.,

               Defendants.

**SUMMONS**

Index No. **2013** /6380

Plaintiff designate(s) Dutchess
County as the place of Trial
Basis of the venue is CPLR 503,
Plaintiff's place of business located
at 21 Van Wagner Road,
Poughkeepsie, New York 12603
County of Dutchess

## TO THE ABOVE NAMED Defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to
serve a copy of your answer, or, if the complaint is not served with this summons, to serve a
notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this
summons, exclusive of the day of service (or within 30 days after the service is complete if this
summons is not personally delivered to you within the State of New York); and in the case of
your failure to appear or answer, judgment will be taken against you by default for the relief
demanded herein.

Dated:  October 17, 2013

**Plaintiff's Address:**
Shaw, Perelson, May &
  Lambert, LLP
21 Van Wagner Road
Poughkeepsie, NY 12603

**Defendants' Address(es):**
Fidelity Brokerage Services LLC
100 Summer Street
Boston, MA 02110

Fidelity Investments Institutional Services Company, Inc.
82 Devonshire Street
Boston, MA 02109

Fidelity Investments Operations Company, Inc.
P.O. Box 770001
Cincinnati, OH 45277-0024

Chaim I Jaffe, Esq.
SCOLARO, FETTER, GRIZANTI,
MCGOUGH & KING, P.C.
Attorneys for Plaintiff
Shaw, Perelson, May & Lambert, LLP
507 Plum Street, Suite 300
Syracuse, New York 13204
Telephone: (315) 471-8111

2013 OCT 24  AM 9: 41
DUTCHESS COUNTY
CLERK'S OFFICE
RECEIVED

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

627955.3

─────────────────────────────────

SHAW, PERELSON, MAY & LAMBERT, LLP,

                     Plaintiff,

vs.

FIDELITY BROKERAGE SERVICES LLC, FIDELITY
INVESTMENTS INSTITUTIONAL SERVICES
COMPANY, INC., and FIDELITY INVESTMENTS
OPERATIONS COMPANY, INC.

                     Defendants.

─────────────────────────────────

**VERIFIED COMPLAINT**

Index No.

2013 OCT 24   AM 9:41
DUTCHESS COUNTY
CLERK'S OFFICE
RECEIVED

Plaintiff, Shaw, Perelson, May & Lambert, LLP, through it attorneys, Scolaro, Fetter, Grizanti, McGough & King, P.C., as and for its Complaint against the Defendants alleges as follows:

1.      Plaintiff, Shaw, Perelson, May & Lambert, LLP ("Plaintiff"), is a limited liability partnership existing under the laws of the State of New York with an office for the transaction of business in Dutchess County and is engaged in the practice of law.

2.      Upon information and belief, Defendant Fidelity Brokerage Services LLC ("Fidelity Brokerage") is a foreign limited liability company existing under the laws of the State of Delaware and is authorized to do business in the State of New York.

3.      Upon information and belief, Defendant Fidelity Investments Institutional Operations Company, Inc. ("Fidelity Institutional") is a foreign corporation existing under the laws of the Commonwealth of Massachusetts.

4.      Upon information and belief, Defendant Fidelity Investments Institutional Services Company, Inc. ("Fidelity Investments") (Fidelity Brokerage, Fidelity Institutional and

Fidelity Investments are collectively referred to as "Fidelity" or "Defendants"), is a foreign business corporation existing under the laws of the Commonwealth of Massachusetts and is authorized to do business in the State of New York.

5.    Upon information and belief, Defendants are engaged in the financial services industry.

6.    Upon information and belief, Defendants offer to the public, among other things, plan documentation preparation and administrative services with respect to employee defined contribution plans that are tax-qualified under 26 U.S.C. §401(a).

7.    Effective July 1, 1995, Plaintiff established a defined contribution plan as defined in 26 U.S.C. §414(i) and intended to be tax-qualified under 26 U.S.C. §401(a), known as the Shaw, Perelson, LLP Money Purchase Pension Plan ("MPPP") which provided, among other things, for contributions to be made by Plaintiff to the MPPP for the benefit of each participant thereunder in an amount equal to five percent (5%) of such participant's compensation for each Plan Year (calendar year), provided that the participant either completed at least 500 hours of service for Plaintiff during the Plan Year or was employed by Plaintiff on the last day of the Plan Year.

8.    Pursuant to our agreement between Plaintiff and Defendants, Defendants agreed to and did furnish to Plaintiff the written document embodying the terms of the MPPP at its inception and intended to comply with the tax-qualification rules of 26 U.S.C. §401(a) and the written plan document requirements under 29 U.S.C. §1102(a)(i), and agreed to furnish to Plaintiff from time to time such amendments to the written document as necessary, from time to

time, in the opinion of Defendants, to maintain compliance of the MPPP with 26 U.S.C. §401(a) and the regulations thereunder.

9.  Pursuant to the agreement between the Plaintiff and Defendants, Defendants have acted since the inception of the MPPP as custodian of MPPP funds and continues to act as custodian of certain accounts of the MPPP.

10.  Pursuant to the agreement between Plaintiff and Defendants, Defendants have acted as third-party administrator of the MPPP since the inception of the MPPP.  As third-party administrator, Defendants were and continue to be responsible for all recordkeeping pertaining to the MPPP, for the preparation of all written notices and other disclosures to MPPP participants including notices and annual statements as required under 29 U.S.C. §§1021, 1023 and 1054(h), and for the preparation of all tax returns and other reports to be filed with the U.S. Department of Labor and the Internal Revenue Service as required under 29 U.S.C. §§1021 and 1023.

11.  Pursuant to the agreement between Plaintiff and Defendants, Defendants were obligated to prepare and furnish to Plaintiff such written documentation as necessary from time to time to modify the terms of the MPPP as and when communicated to Defendants by Plaintiff, as sponsor of the MPPP.

12.  In or about the Spring 2007 and for reasons primarily centered on Plaintiff's desire to terminate its obligation to make annual contributions of five percent (5%) of pay for each eligible employee, Plaintiff decided to establish the Shaw, Perelson, May & Lambert, LLP 401(k) Plan ("the 401(k) Plan"), a defined contribution plan that was intended to meet the tax-qualification requirements under 28 U.S.C. §401(a) and 28 U.S.C. §401(k) and to replace the MPPP.

13.     On or about November 16, 2007, Plaintiff communicated to Defendants its decision to establish the 401(k) Plan through the services of Defendants and terminate the MPPP.

14.     Upon Defendant's receipt of Plaintiff's November 16, 2007 communication and pursuant to the parties' agreement, Defendants became obligated to prepare an amendment to the MPPP that terminated Plaintiff's obligation to contribute to the MPPP on behalf of all eligible MPPP participants, but Defendant failed to prepare such amendment.

15.     Upon Defendant's receipt of Plaintiff's November 16, 2007 communication, Defendant became obligated to prepare and forward to Plaintiff a written notice, required under 28 U.S.C. §1054(h) to be distributed to all MPPP participants at least fifteen (15) days prior to the effective date of the amendment referred to in Paragraph "13" above, but Defendant failed to prepare such notice.

16.     Absent the amendment to the MPPP referred to in Paragraph "13" above, and absent delivery of the written notice described in Paragraph "14" above to all MPPP participants, Plaintiff's obligation to contribute to the MPPP remained in effect, despite Plaintiff's direction to Defendants on November 16, 2007 that the MPPP was to be terminated.

17.     On or about November 16, 2007, Plaintiff requested the Defendants to confirm in writing that Defendants would take the steps necessary to merge the MPPP into the 401(k) Plan in furtherance of the termination of the MPPP, but upon information and belief, Defendants failed to so confirm.

18.     On or about March 8, 2008, Defendants confirmed in writing that the 401(k) Plan had been established but did not confirm that the MPPP had been merged into the 401(k) Plan and, upon information and belief, took no actions to merge the MPPP into the 401(k) Plan.

-4-

19.    Shortly thereafter, Defendants informed Plaintiff that the MPPP participants would be eligible to receive their respective account balances in the MPPP by reason of termination of the MPPP and that such participants would be permitted to rollover their respective account balances into the 401(k) Plan, despite the absence of the amendment referenced in Paragraph "13" and Defendants' failure to furnish the notice referenced in Paragraph "14".

20.    On or about July 22, 2008, Plaintiff advised its employees that Defendants would be providing Plaintiff's employees with the necessary forms to rollover their respective funds from the MPPP into the 401(k) Plan administered by Defendants.

21.    Defendants furnished to Plaintiff, for distribution to the MPPP participants, forms to be completed by MPPP participants to effect the distribution of their respective account balances in the MPPP and, if elected by each MPPP participant to rollover of their respective account balances to the 401(k) Plan.

22.    Upon information and belief, most but not all MPPP participants completed the forms referenced in Paragraph "20" and directed the rollover of their respective account balances in the MPPP to the 401(k) Plan.

23.    Upon information and belief, the accounts of those MPPP participants who executed the forms referenced in Paragraph "20" were rolled over to the 401(k) Plan in 2008, but the accounts of those MPPP participants who did not execute the forms referenced in Paragraph "20" remain with Defendants in the name of the MPPP for the benefit of such MPPP participants.

24.    Since 2008, Defendants have failed to prepare the annual statements and tax returns with respect to the remaining accounts in the MPPP as required under 29 U.S.C. §§1021 and 1023.

25.    Plaintiff has executed an amendment to the MPPP that confirmed the termination of its obligation to contribute any amount to the MPPP.

26.    Plaintiff has prepared and delivered to each participant in the MPPP a notice of the termination of Plaintiff's obligation to contribute any amount to the MPPP.

27.    Defendants have failed to prepare or deliver to Plaintiff any of the amendments to the MPPP to maintain the MPPP's compliance with 26 U.S.C. §401(a) and the regulations thereunder after the initial adoption of the MPPP by Plaintiff, resulting in the disqualification of the MPPP under 26 U.S.C. §401(a) in violation of the parties' agreement as described herein.

## AS AND FOR A FIRST CAUSE OF ACTION

28.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "27" as though each were fully set forth at length herein.

29.    Defendants' failure to prepare and deliver to Plaintiff an amendment to the MPPP after Plaintiff communicated to Defendants Plaintiff's decision to terminate the MPPP, and Defendants' failure to prepare and deliver to Plaintiff the fifteen (15) day notice to MPPP participates required under 29 U.S.C. §1054(h), constitute a breach of the agreement between Plaintiff and Defendants.

30.    As a result of Defendants' breach described in Paragraph "28", Plaintiff is required to fund the MPPP for the years 2007 through and including 2013 in the aggregate

amount of at least $200,000.00, together with such additional amounts as may be required by law.

31.    Plaintiff therefore demands that judgment be entered against the Defendants, jointly and severally, in an amount to be determined prior to the trial of this action but in no event less that the full amount required to be funded to the MPPP for the years 2007 through and including 2013 as required by the terms of the MPPP, together with such additional amounts as required by law.

<strong>AS AND FOR A SECOND CAUSE OF ACTION</strong>

32.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "31" as though each were fully set forth at length herein.

33.    Defendants' failure to prepare and furnish to Plaintiff the required amendments to the MPPP so that the MPPP remained in compliance with 26 U.S.C. §401(a) and the regulations thereunder constitutes a breach of the agreement between Plaintiff and Defendants.

34.    As a result of Defendants' breach as described in Paragraph "32", Plaintiff may incur expenses to requalify the MPPP in accordance with 25 U.S.C. §401(a).

35.    Plaintiff therefore demands that judgment be entered against Defendants, jointly and severally, for all expenses incurred and to be incurred by Plaintiff to requalify the MPPP in accordance with 26 U.S.C. §401(a).

<strong>AS AND FOR A THIRD CAUSE OF ACTION</strong>

36.    Plaintiff repeats and realleges each and every allegation contained in Paragraph "1" through "35" as though each were fully set forth at length herein.

-7-

37.     Defendants' failure to prepare and furnish to Plaintiff the required annual reports and tax returns for the MPPP for 2008 through 2012 constitutes a breach of the agreement between Plaintiff and Defendants.

38.     As a result of Defendants' breach as described in Paragraph "36", Plaintiff may be liable to the Internal Revenue Service for penalties for failure to file the required tax returns for years 2008 through and including 2012 in the amount of at least $10,000.00.

39.     Plaintiff therefore demands that judgment be entered against the Defendants, jointly and severally, in the amount of at least $10,000.00.

## AS AN ALTERNATIVE TO THE FIRST CAUSE OF ACTION AND AS FOR A FOURTH CAUSE OF ACTION

40.     Plaintiff repeats and realleges each and every allegation contained in Paragraph "1" through "39" as though each were fully set forth at length herein.

41.     Defendants owed Plaintiff a duty to prepare and deliver to Plaintiff an amendment to the MPPP after Plaintiff communicated to Defendants Plaintiff's decision to terminate the MPPP and to prepare and deliver to Plaintiff the fifteen (15) day notice to MPPP participants required under 29 U.S.C. §1054(h).

42.     Defendant breached its duty by failing to prepare and deliver to Plaintiff an amendment to the MPPP after Plaintiff communicated to Defendants it's decision to terminate the MPPP and to prepare and deliver to Plaintiff the fifteen (15) day notice to MPPP participants required under 29 U.S.C. §1054(h).

43.     As a direct and proximate cause of Defendant's breach, Plaintiff may be required to fund the MPPP for the years 2007 through and including 2013 in the aggregate amount of at least $200,000.00, together with such additional amounts as may be required by law.

44.     Plaintiff therefore demands that judgment be entered against the Defendants, jointly and severally, in an amount to be determined prior to the trial of this action but in no event less that the full amount required to be funded to the MPPP for the years 2007 through and including 2013 as required by the terms of the MPPP, together with such additional amounts as required by law.

### AS AN ALTERNATIVE TO THE SECOND CAUSE OF ACTION AND AS FOR A FIFTH CAUSE OF ACTION

45.     Plaintiff repeats and realleges each and every allegation contained in Paragraph "1" through "44" as though each were fully set forth at length herein.

46.     Defendants owed Plaintiff a duty to prepare and furnish to Plaintiff the required amendments to the MPPP so that the MPPP remained in compliance with 26 U.S.C. §401(a) and the regulations thereunder.

47.     As a direct and proximate cause of Defendants' failure to furnish Plaintiff with the required amendments, Plaintiff may incur expenses to requalify the MPPP in accordance with 25 U.S.C. §401(a).

48.     Plaintiff therefore demands that judgment be entered against Defendants, jointly and severally, for all expenses incurred and to be incurred by Plaintiff to requalify the MPPP so that the same will be in compliance with 26 U.S.C. §401(a).

### AS AN ALTERNATIVE TO THE THIRD CAUSE OF ACTION AND AS FOR A SIXTH CAUSE OF ACTION

49.     Plaintiff repeats and realleges each and every allegation contained in Paragraph "1" through "48" as though each were fully set forth at length herein.

50.     Defendant owed Plaintiff a duty to prepare and furnish to Plaintiff the required annual reports and tax returns for the MPPP for 2008 through and including 2012.

51.     As a direct and proximate cause of Defendants' failure to prepare and furnish to Plaintiff the required annual reports and tax returns for the MPPP for the years 2008 through and including 2012, Plaintiff may be liable to the Internal Revenue Service for penalties for failure to file the required tax returns for years 2008 through and including 2012 in the amount of at least $10,000.00.

52.     Plaintiff therefore demands that judgment be entered against the Defendants, jointly and severally, in the amount of at least $10,000.

**WHEREFORE**, Plaintiff demands that judgment be entered against the Defendants, jointly and severally, as follows:

A.      On the First Cause of Action: in an amount to be determined prior to the trial of this action but in no event less that the full amount required to be funded to the MPPP for the years 2007 through and including 2013 as required by the terms of the MPPP, together with such additional amounts as required by law.

B.      On the Second Cause of Action: for all expenses incurred and to be incurred by Plaintiff to requalify the MPPP in accordance with 26 U.S.C. §401(a).

C.      On the Third Cause of Action: in the amount of at least $10,000.00.

D.      On the Fourth Cause of Action: in an amount to be determined prior to the trial of this action but in no event less that the full amount required to be funded to the MPPP for the years 2007 through and including 2013 as required by the terms of the MPPP, together with such additional amounts as required by law.

-10-

E.     <u>On the Fifth Cause of Action</u>: for all expenses incurred and to be incurred by Plaintiff to requalify the MPPP so that the same will be in compliance with 26 U.S.C. §401(a);

F.     <u>On the Sixth Cause of Action</u>: in the amount of at least $10,000.00;

G.     For the costs and disbursements of this action as provided for by statute; and

H.     For such other and further relief as the Court deems just and proper.

Dated: October 17, 2013

_____
Chaim J. Jaffe, Esq.
SCOLARO, FETTER, GRIZANTI,
 McGOUGH & KING, P.C.
Attorneys for Plaintiff
507 Plum Street, Suite 300
Syracuse, New York  13204
Telephone: (315) 471-8111

-11-

## VERIFICATION

STATE OF NEW YORK    )
COUNTY OF DUTCHESS  ) ss:

    David S. Shaw_____, being duly sworn, deposes and says that deponent is the
partner_____ of Shaw, Perelson, May & Lambert, LLP, the limited liability partnership
named in the within action; that deponent has read the foregoing Complaint and knows the
contents thereof; and that the same is true to deponent's own knowledge, except as to the matters
therein stated to be alleged upon information and belief, and as to those matters, deponent
believes it to be true.  This verification is made by deponent because Shaw, Perelson, May &
Lambert, LLP is a limited liability partnership.  Deponent is an officer thereof, to wit: its
partner_____.

Sworn to before me this

23rd day of October, 2013.

Notary Public

MARGO L. MAY
NOTARY PUBLIC, STATE OF NEW YORK
Reg. # 02MA4760278
Qualifed in Dutchess County
Commission Expires May 31, August 17, 2015

-12-

# EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

-------------------------------------------------------------X

SHAW, PERELSON, MAY & LAMBERT,
LLP,

                         Plaintiff,

             -against-

FIDELTIY BROKERAGE SERVICES
LLC, FIDELITY INVESTMENTS
INSTITUTIONAL SERVICES COMPANY,
INC. and FIDELITY INVESTMENTS
OPERATIONS COMPANY, INC.,

                      Defendants.

-------------------------------------------------------------X

Index. No.: 6380-2013

**NOTICE OF FILING OF**
**NOTICE OF REMOVAL**

TO:   Chaim J. Jaffe, Esq.
       SCOLARO, FETTER, GRIZANTI,
       MCGOUGH & KING, P.C.
       507 Plum Street, Suite 300
       Syracuse, New York 13204
       (315) 471-8111
       *Attorneys for Plaintiff*

            PLEASE TAKE NOTICE that on November 27, 2013, Defendants FIDELITY

INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY, INC., FIDELITY

BROKERAGE SERVICES, LLC, and FIDELITY INVESTMENTS INSTITUTIONAL

SERVICES COMPANY, INC., filed a "Notice of Removal" in the above-captioned case from

the Supreme Court of the State of New York, County of Dutchess, to the United States

District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1331, 1332,

1441 and 1446.  A copy of the Notice of Removal, with attachments, is attached hereto as

**Exhibit A.**

Respectfully submitted,

_Michael Frankel_

Michael A. Frankel

JACKSON LEWIS LLP
One North Broadway, 15th Floor
White Plains, NY 10601
(914) 328-0404
*Attorneys for Defendants*

*Of Counsel*
Charles F. Seemann, III
Jessica L. Marrero
JACKSON LEWIS LLP
650 Poydras Street, Suite 1900
New Orleans, LA 70130
(504) 208-1755

Dated: White Plains, New York
         November 27, 2013

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS

--------------------------------------------------------X

SHAW, PERELSON, MAY & LAMBERT,
LLP,

Plaintiff,

-against-

FIDELTIY BROKERAGE SERVICES
LLC, FIDELITY INVESTMENTS
INSTITUTIONAL SERVICES COMPANY,
INC. and FIDELITY INVESTMENTS
OPERATIONS COMPANY, INC.,

Defendants.

Index. No.: 6380-2013

--------------------------------------------------------X

## AFFIRMATION OF SERVICE

The undersigned, an attorney duly licensed before the courts of New York State, hereby certifies, under penalty of perjury, that a true and correct copy of the foregoing Notice of Filing of Notice of Removal has been served on Plaintiff's counsel Chaim Jaffe, Esq. via Federal Express, overnight mail, on the 27th day of November, 2013, at Mr. Jaffe's address of record set forth below:

Chaim J. Jaffe, Esq.
SCOLARO, FETTER, GRIZANTI,
MCGOUGH & KING, P.C.
507 Plum Street, Suite 300
Syracuse, New York 13204
*Attorneys for Plaintiff*

Michael A. Frankel

3